357 So.2d 1 (1978)
STATE of Louisiana
v.
Roy Edward SEGERS.
No. 60388.
Supreme Court of Louisiana.
April 10, 1978.
Thomas W. Davenport, Jr., Davenport, Files, Kelly & Marsh, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Walter L. Smith, Jr., Roland T. Huson, III, R. Neal Wilkinson, Asst. Attys. Gen., John T. Seale, Dist. Atty., Thomas F. Wade, Asst. Dist. Atty., for plaintiff-appellee.

ON REHEARING
SUMMERS, Justice.
Rehearing was granted to consider defendant's contention that the case should be remanded for resentencing at which time the defendant would be afforded an opportunity to be confronted with evidence considered by the trial judge in imposing sentence.
Segers was tried by jury on a charge of possession of marijuana with intent to distribute and conspiracy to distribute marijuana. He was found guilty on both counts and sentenced to serve four years imprisonment at hard labor and to pay a fine of $7,500 for conspiracy and eight years at hard labor and a fine of $15,000 for possession with intent to distribute. After trial and before sentencing, the trial judge conducted a presentence hearing and obtained a presentence report.
An objection was made on behalf of defendant to the "Reasons for Sentence" announced by the trial judge as part of the sentencing procedure. The pertinent portions considered objectionable by the defense are:
"It is to be noted that this case is a companion case to that of State of Louisiana v. Bobby Terrel Smith, # 22303 of the Docket of Tensas Parish. The Presentence Report in that case, as well as a supplemental phone call from a Probation Officer that Mr. Segers has subsequently been to Mexico and has been in the company of Mr. Smith and Mr. Bill Hosea, another Defendant, since this conviction; have been considered by this Court.

. . . . .
"Smith, according to the Pre-Sentence Report, uses cocaine and pills, but claims he is not addicted. Hearsay in the report indicates he is addicted and has employers or friends who are ex-convicts and suspected of being heavily involved in drug traffic. Mr. Segers has been seen returning from Mexico in his airplane and meeting Mr. Smith and Mr. Hosea. Thus, this indicates that Mr. Segers is still using the airplane for illicit traffic. He purchased the airplane at much less than its alleged value in Court proceedings in Tensas Parish, although the Narcotics Agents indicated that drug traffic is one of the best uses for such plane. The use *2 suggested by the defendant of hauling oil field equipment, seems impractical, improbable and self serving. No corroborating evidence was offered by Defendant."
The defense relies upon the proposition announced in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), that a convicted person is denied due process of law when the death sentence is imposed, at least in part, on the basis of information that he had no opportunity to deny or explain. While the Gardner case involves a death sentence and may not be binding in a case involving marijuana, the majority of this Court has held in a case involving distribution of marijuana that where a presentence report was shown to be materially and prejudicially false, the trial court erred in failing to allow defense counsel access to the presentence report and an opportunity to rebut any adverse information therein. State v. Underwood, 353 So.2d 1013 (La.1978).
Undoubtedly the trial judge was influenced by the information in the presentence report and the supplemental phone call, as she should have been, if the information was reliable. Therefore, in view of this Court's decision in State v. Underwood, the defendant should be afforded the opportunity to deny or explain the facts relied upon by the trial judge in imposing sentence. To afford this opportunity it will be necessary to remand the case to the trial court with instructions to conduct an evidentiary hearing at which defendant will be able to deny or explain the facts set forth in the reasons for sentence considered objectionable and prejudicial by defendant. After due consideration of defendant's denials and explanations, if any, the court shall resentence defendant in accordance with law.
For the reasons assigned, the sentence heretofore imposed in this case is set aside and the case is remanded to the trial court for resentencing in a manner not inconsistent with this opinion.