360 So.2d 173 (1978)
STATE of Louisiana, Respondent,
v.
Gerald A. BOSWORTH, Relator.
No. 61492.
Supreme Court of Louisiana.
June 19, 1978.
*174 Robert Glass, Martzell & Montero, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-respondent.
TATE, Justice.
The issue involves whether the defendant is entitled to access to his pre-sentence investigation report before sentence is imposed. We granted certiorari, 354 So.2d 1047 (1978), to review the trial court's failure to afford such access under the circumstances shown.
The defendant Bosworth pleaded guilty to the crime of contributing to the delinquency of a juvenile. La.R.S. 14:92(A)(7). He did so, after being fully informed by the trial judge that the penalty could be imprisonment for not more than two years, with or without hard labor, as well as a fine of one thousand dollars.
At the time the defendant pleaded guilty (August 24, 1977), the trial court ordered a pre-sentence investigation. La.C.Cr.P. art. 875. A pre-sentence investigation report makes recommendations to the court as to the rehabilitation potential of the defendant and as to whether or not he should be committed to a state penal facility or to a local rehabilitation center. La.R.S. 15:1132.
When the defendant appeared for a sentencing hearing, he moved to continue the sentencing. He also moved for the production of the pre-sentence investigation report, in order to afford his counsel an opportunity to review any adverse information reflected by the pre-sentence investigation report.
The defendant's counsel explains that, at the time the defendant pleaded guilty, the accused and his counsel believed that he substantially met the factors reflected by the legislative guidelines favoring suspension of sentence or probation instead of imprisonment. La.C.Cr.P. art. 894.1 (1977). However, immediately prior to the sentencing, they had received an intimation that the sentence to be imposed was to consist not only of imprisonment, but additionally of imprisonment at hard labor in the state correctional systemrather than a suspended sentence (or at most imprisonment without hard labor in the parish facility), such as might reasonably be expected to be the most severe sentence for an offense of the nature committed by an accused of good community and professional reputation and without record of previous delinquency or criminal activity, in an isolated episode during a period of emotional strain (as contrasted with an organized commercial exploitation of a young girl). They therefore *175 believed prejudicial or materially false information must have been contained in the pre-sentence investigation report and desired an opportunity for the defendant to deny or explain it.
Where, in imposing a heavy sentence, the trial court relies upon pre-sentence information which is materially false or which furnishes invalid information, the defendant must be given an opportunity to deny or explain such substantially significant misinformation. State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). See also: United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Espinoza, 481 F.2d 553 (CA 5, 1973).
In Underwood, this court held that, in order to avoid an excessive sentence improperly resulting from materially false information, the accused has a right to access to such records, with the court (after an in camera examination) to withhold only such information which is relevant or which is not protected by confidentiality. La.R.S. 15:574.12 F (1975).[1] "Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interest and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf." American Bar Association Standards Relating to the Administration of Criminal Justice, Standards Relating to Sentencing Standards and Alternatives, Standard 4.4(a) (1968).[2]
In Underwood, it is true, an apparently excessive sentence was imposed under circumstances where, after the sentence, it was discovered that the pre-sentence investigation report had contained materially false and substantially prejudicial misinformation. Nevertheless, important due process and fairness values require the sentencing court to disclose data unknown to the defendant upon which the court relies in exercising its sentencing discretion (subject to excision by the trial court as indicated in footnote 2); these values arguably are perhaps better served if the defendant, prior to sentence as well as after it, is afforded an opportunity to deny or to explain prejudicial misinformation otherwise secret to the sentencing judge himself. See United States v. Picard, 464 F.2d 215 (CA 1, 1972). See also reference in State v. Segers, 357 So.2d 1 (La. *176 1978) to principle expressed by Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
For these reasons, we reverse the trial court's denial of the defendant's motion to disclose the pre-sentence investigation report (after in camera inspection to delete any "communications obviously made in the confidence they would not be disclosed" or where "confidentiality is essential to future useful relations between the source and the recorder," La.R.S. 15:574.12 F(2), (3) (1975)[3]). We also note that no full scale evidentiary trial is required at the sentencing hearing at which the defendant is given an opportunity to deny or explain adverse information which is prejudicially false or misleading.[4]

Decree
The matter is remanded to the district court, for future proceedings consistent with this opinion.
ACCESS TO PRE-SENTENCE INVESTIGATION REPORT ORDERED; CASE REMANDED.
SANDERS, C. J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.

APPENDIX
Uniform Rules of Criminal Procedure, Rule 613, provides:
Before imposing sentence or making any other disposition upon acceptance of a plea or upon a verdict or finding of guilty, the court shall conduct a disposition hearing without unreasonable delay, as follows:
(1) The court shall afford the parties an opportunity to be heard on any matter relevant to the disposition.
(2) Except as provided in Rule 713, the court shall address the defendant personally to ascertain whether he wishes to make a statement in his own behalf and to present any information in mitigation of punishment or reason why he should not be sentenced and, if he does, afford him a reasonable opportunity to do so.
(3) The court shall impose sentence or make any other disposition authorized by law.
(4) Except as provided in Rule 713, the court shall inform the defendant personally of any right he has to appeal and his right to appointment of a lawyer, upon request, under the conditions specified in Rule 321(b).
The commentary to ABA Standards of Criminal Justice Relating to Sentencing Alternatives and Procedures, Standard 5.4, in part provides:
The purpose of the in-court proceedings prior to the pronouncement of sentence is three-fold: to inform the court as an aid to the exercise of its sentencing discretion, to give the parties an opportunity to assure both that the court's information is accurate and that factors which they think relevant to the sentencing decision will come to its attention, and to allow for the imposition of sentence in an atmosphere which, while it may not affirmatively contribute to the rehabilitation of the offender, will at least not give him further cause to leave the sentencing stage with a sour attitude. Occasionally, of course, it will also be necessary for argument to be presented concerning the availability of a given sentencing alternative. See, e. g., United States v. Donovan, 242 F.2d 61, 64 (2d Cir. 1957).

*177 None of these objectives necessarily require an elaborate trial-type hearing. Certainly the first and third do not: the judge can be assisted as much by informal proceedings as he can by a formal hearing, if not more; and informality may help rather than hinder the desire to avoid an unfortunate influence on the defendant.
The second matter thoughthat aspect of the sentencing proceeding the purpose of which is to afford the parties a chance to participate in the sentencing decision may arguably require more formality. If no part of the presentence report is disclosed to the parties, i. e., if they must approach the sentencing proceeding blind to the information which the judge has about the defendant, then often the only way open to them to satisfy their obligations to the interests they represent will be to proceed with the cumbersome presentation of evidence, much of which the court may already have. On the other hand, if the information in the report is disclosed, and if there has been the opportunity for a conference of the sort described by section 4.5(b), then most factual disputes should have been resolved, and the sentencing proceeding normally could assume the air of an informal hearing at which the parties indicate their position on the relevance and importance of the information to which they are all privy. Only in the rare case where there is a factual dispute over a matter which is deemed important to the sentencing decision will there be the need for the reception of evidence in any formal sense. And that case, of course, is precisely the case in which evidence ought to be received.
Clearly the latter, more informal, more informative, and much more economical of judicial and lawyer time, is to be preferred. It is recommended here because of these features, plus the essential conviction that it does not sacrifice fairness to the parties in the name of economy and flexibility.
SANDERS, Chief Justice (dissenting).
The defendant in this case has not as yet been sentenced. The majority orders that the pre-sentence investigation report be disclosed to him after the deletion of the confidential material. In so doing, the majority fails to give effect to the controlling codal article.
Article 877 of the Louisiana Code of Criminal Procedure provides, in pertinent part:
"Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report. The sources of confidential information shall not, however, be disclosed."
This article vests the disclosure of the report in the discretion of the trial judge. See Comment C, LSA-C.Cr.P. Art. 877.
In the present case, the trial judge has imposed no sentence, nor will his reasons for imposing a particular sentence be available until the time of sentencing. Moreover, the defendant has made no showing of an abuse of discretion. Hence, I would not disturb the ruling of the trial judge.
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
La.Code Crim.P. art. 877 provides:
The pre-sentence or post-sentence investigation report shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, members of the division of probation and parole supervision, the officer in charge of the institution to which the defendant is committed, the parole board, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities if the defendant is committed to a hospital, the pardon board, and the governor or his representative.
Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report.

*178 The sources of confidential information shall not, however, be disclosed.
Prior to imposition of sentence, disclosure to the defendant of the factual contents and conclusions of any pre-sentence investigation report lies within the sound discretion of the trial judge. Disclosure of the sources of confidential information is prohibited. Unless the statutory provision set forth above is unconstitutional, the refusal of the trial judge, based upon his sound discretion, to disclose to the defendant, prior to imposition of sentence, information contained in a pre-sentence investigation report should not be disturbed by this court on review.
We have held, in cases in which sentence had been imposed, that the defendant is entitled to access to the pre-sentence investigation report and to an opportunity to rebut any adverse information therein, if he has made a showing that the report contains materially and prejudicially false information. State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1978). In my view, the instant case is clearly distinguishable from these cases.
In the instant case, no sentence has as yet been imposed. Moreover, defendant has made no showing that the pre-sentence investigation report contains materially and prejudicially false information. Rather, he merely alleges having received an intimation that the sentence to be imposed will exceed that which he believes might reasonably be expected to be imposed in the instant case.
I do not consider that the trial judge abused his discretion in refusing to allow defendant access to information contained in the pre-sentence investigation report. Accordingly, I respectfully dissent.
NOTES
[1] La.R.S. 15:574.12 F provides:

"Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
(1) That the information is not relevant to the proceedings, or
(2) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
(3) That confidentiality is essential to future useful relations between the source and the recorder of the information, the information shall be withheld." (Italics ours.)
The statute does not prohibit such access under R.S. 15:574.12 F to the defendant himself. We are re-enforced in this view, because the statute affords access to the pre-sentence report for a wide variety of individuals, including the district attorney and law enforcement personnel (without court authorization), La. R.S. 15:574.12 B (1975), social service agencies or approved researchers, 15:574.12 D, and rehabilitation agencies or individuals, public or private, 15:574.12 E.
[2] Standard 4.4(b) continues:

"This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review."
[3] The pre-sentence investigation report was transmitted by the trial judge, sealed for our in camera inspection. None of the material found therein appears to be of an excisable nature. If the trial court is in doubt as to any particular informant, he may, before permitting disclosure, block out the name and identifying information concerned, but not the substance of the adverse information.
[4] See State v. Underwood, 353 So.2d 1013, 1018 (La. 1977). Cf. Uniform Rules of Criminal Procedure, Rule 613 (Nat.Conf.Com. Uniform State Laws, 1974) and ABA Standards Relating to Sentencing Alternatives and Procedures, Standard 5.5 (1968), Commentary, set forth in the appendix to this opinion.