PER CURIAM.
Defendant Darrell J. Songy, Jr. was charged by bill of information with aggravated crime against nature in violation of La.R.S. 14:89.1. On February 13, 1978, defendant entered a plea of guilty as charged. Subsequently, he was sentenced to serve four (4) years at hard labor in the custody of the Department of Corrections. At the time it was imposed defendant complained that the sentence was unconstitutionally excessive and objected to the refusal of the trial court to permit him to traverse the information contained in the pre-sentence report. Defendant now appeals to this Court reasserting these arguments.
In State v. Sepulvado, 367 So.2d 762, a majority of this Court, interpreting Article 1, Section 20 of the Louisiana Constitution of 1974, held that “the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional rights against excessive punishment that is enforceable by this Court on appellate review of his conviction.” However, after considering the factors listed in La.C.Cr.P. art. 894.1, the “appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive,” State v. Sepulvado, supra, we are unable to conclude that the sentence imposed in this case is unconstitutional. The facts, as revealed in the pre-sentence report,[1] support the trial court’s decision to sentence defendant to four years at hard labor for an offense punishable by up to fifteen years’ imprisonment.
We are concerned, however, with the denial of defendant’s motion to traverse the allegations contained in the pre-sen-tence report. Where a defendant alleges that pre-sentence information is materially and prejudicially false, the court must permit him access to the report, subject to expungement of irrelevant or confidential material, and give him an opportunity to dispute any substantially significant allegations. State v. Bosworth, 360 So.2d 173 (La.1978); State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). In the instant case, defense counsel was permitted access to the report, but was not permitted to contravene the material information contained therein. For this reason, we must vacate defendant’s sentence and remand the case to the district court where defendant is to be given an opportunity to explain or deny adverse information in the pre-sentence report which is prejudicially false or misleading.
Accordingly, defendant’s sentence is vacated and set aside and the case is remanded to the district court for further proceedings consistent with this opinion.

. The pre-sentence report was made a part of the appellate record by agreement of defendant and the state.