SUMMERS, Chief Justice.
Joseph Delatte was charged with armed robbery. La.Rev.Stat. 14:64. He pled guilty on February 27, 1978 to an amended bill charging him as accessory after the fact to simple robbery. La.Rev.Stat. 14:25, 14:65. On May 4, 1978 he was given a suspended sentence of three and one-half years at hard labor and placed on five years active probation. No appeal was taken and defendant was then at liberty.
It came to the attention of the sentencing judge that defendant Delatte had previous felony convictions. This information made it apparent that the suspended sentence imposed upon Delatte was invalid because Article 893 of the Code of Criminal Procedure allows a suspended sentence and probation “for the first conviction only.” Whereupon, on August 4, 1978 the trial judge recalled the sentence of May 4, 1978, and to correct that illegal sentence he re-sentenced defendant to three and one-half years at hard labor and remanded him to prison. La.Code Crim.Pro. arts. 882, 916(3).
On August 18, 1978 defendant filed a petition for habeas corpus in the trial court alleging that he did not receive effective assistance of counsel in connection with the guilty plea of February 27, 1978 and the sentence of May 4, 1978. At that plea, he alleged, he was assured that he would not have to serve a jail or prison sentence. Further, it is alleged, the re-sentencing of August 4, 1978 to incarceration was contrary to the plea bargain entered into between defense counsel and the District Attorney in connection with the February 27, 1978 guilty plea which led to the May 4 sentence.
An evidentiary hearing was held on October 4, 1978 at which testimony was heard and evidence adduced by defendant in support of his application for habeas corpus. The writ was denied. Defense counsel objected to the ruling and announced his intention to apply to the Supreme Court for writs. In addition, defense counsel moved for an appeal from the second sentence of August 4, 1978. Certiorari was granted by this Court on defendant’s application.
Three issues are presented by defendant’s application: 1) whether defendant received effective assistance of counsel; 2) defendant’s claim that his attorney was denied the right to examine the presentence report during the hearing on the application for habeas corpus; and 3) whether the trial judge improperly denied defendant the right to appeal and to bail because defendant had also applied for certiorari to review the denial of his application for habeas corpus.
1) The question of effective assistance of counsel is based primarily upon defendant’s claim that his counsel assured him prior to the guilty plea of February 27, 1978 that he would not have to serve time in jail or prison. Defendant’s attorney testified at the hearing on the application for habeas corpus that he did not assure defendant that he would not be sentenced to imprisonment. He made no promises to defendant or guarantees of any kind.
At the February 27, 1978 guilty plea the trial judge advised defendant that the maximum sentence he could impose was imprisonment for three and one-half years at hard labor. Defendant also asserted that no promises of other sentences had been made and his counsel had so advised him. In addition the trial judge carefully advised defendant of his rights and those that he was waiving by the guilty plea. Defendant also signed a detailed written statement acknowledging the waiver of his constitutional rights and admitting his guilt in the premises.
The only contradiction to the overwhelming record evidence of the free and voluntary character of defendant’s February 1978 guilty plea was defendant’s testimony at the hearing on the application for habeas corpus in which he said that his attorney did promise him that he would not be sentenced to incarceration. This testimony standing alone was insufficient to convince the trial judge that defendant had béen misled in any manner, and the trial judge properly rejected defendant’s claim.
*1202 2) For the first time in this record at the hearing on the motion for habeas corpus defense counsel requested that the trial judge permit him to see the presentence report. The request was denied on the ground that it was irrelevant to the inquiry at that hearing which concerned whether defendant’s guilty plea was voluntary. Although not stated by the defense, the pre-sentence report could only help defendant if it disclosed whether the sentence was based upon materially incorrect information as a result of which defendant received an excessive sentence; or if it disclosed that the sentencing judge had relied solely on hearsay evidence in denying probation because defendant had prior felony convictions.
In the first instance, excessiveness of sentence must be raised by an assignment of error urged by a timely appeal. Article 914 of the Code of Criminal Procedure requires that the motion for appeal “must be made no later than fifteen days after rendition of the judgment [sentence] or ruling from which the appeal is taken.” No appeal was taken from the amended sentence of August 14,1978 until October 4, 1978. In the second instance, the defendant’s entitlement to access to a presentence report is dependent upon allegations of material inaccuracies. State v. Trahan, 367 So.2d 752 (La.1978); State v. Bosworth, 360 So.2d 173 (La.1978); State v. Segers, 357 So.2d 1 (La.1978). No such inaccuracies were alleged or claimed in the instant case.
3) The contention that the trial judge improperly denied defendant the right to appeal and entitlement to bail pending appeal is not well-founded. As noted above, the motion for appeal came two months after the sentence complained of and was therefore untimely. La.Code Crim.Pro. art. 914. Because defendant’s conviction and sentence were then final he ■was not entitled to bail.
Review of these proceedings establishes the free and voluntary character of defendant’s plea of guilty and repudiates the assertion that his counsel guaranteed him that he would not be sentenced to imprisonment.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
DENNIS, J., dissents.