528 So.2d 615 (1988)
STATE of Louisiana, Appellee,
v.
Joseph Eugene DAVIS and Glenda Ruth Davis, Appellants.
Nos. 19554-KA, 19555-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Writ Denied October 7, 1988.
*616 Thomas W. Davenport, Jr., Monroe, for appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Norris, Dist. Atty., Marcus Clark, Asst. Dist. Atty., for appellee.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
LINDSAY, Judge.
The defendants in these consolidated cases, Joseph Eugene Davis and Glenda Ruth Davis, are husband and wife. Both were arrested on November 11, 1986 and charged with one count of possession with intent to distribute a controlled dangerous substance, phencyclidine, commonly referred to as PCP, a violation of LSA-R.S. 40:966. They were also charged with obstruction of justice, a violation of LSA-R.S. 14:130.1. While free on bond, Joseph Davis was arrested on two subsequent occasions and charged with distribution of PCP.
Joseph Davis entered into a plea agreement whereby he pled guilty to one count of attempted possession of PCP and one count of distribution of PCP. In exchange for the pleas, the charge of obstruction of justice and the second charge of distribution of PCP were dismissed. Joseph Davis was sentenced to three years at hard labor on the attempted possession charge and five years at hard labor and a $5,000 fine on the distribution charge. In default of payment of the fine, the defendant was ordered to serve an additional six months imprisonment. These sentences were ordered to be served consecutively.
Glenda Ruth Davis also entered into a plea agreement and entered a plea of guilty to one count of attempted obstruction of justice. She was sentenced to serve two years at hard labor. The other charge against her was dismissed.
Both defendants appealed their sentences and the cases were consolidated on appeal. Joseph Davis contends that his sentences were excessive, both as to the length of the sentences and because the sentences were ordered to be served consecutively rather than concurrently.
Glenda Davis argues that her sentence was excessive and also argues that the trial court erred in refusing to allow her a hearing to rebut information in the presentence investigation which she claims was erroneous.
For the following reasons, we affirm the sentences of Joseph Davis. We vacate the sentence of Glenda Davis and remand her case for resentencing.

FACTS
On November 11, 1986, Monroe law enforcement officers received a tip that Joseph Davis was in possession of PCP. The Davis vehicle was stopped pursuant to this tip and Joseph Davis and his wife, Glenda Davis, were ordered out of the car. The defendants were ordered to place their hands on top of the vehicle. Glenda Davis removed her hands from the vehicle and entered the vehicle to retrieve a plastic bag. When ordered to cease this activity, she dropped a plastic bag containing cigarette rolling papers.
During a pat down search of Joseph Davis, a law enforcement officer detected a bottle in the defendant's shirt pocket. When the officer attempted to remove the bottle, Joseph Davis dropped the bottle to the ground and attempted to kick it under the car. A struggle ensued. Joseph Davis was subdued and the bottle was recovered. Although part of the contents were spilled, *617 a subsequent crime lab analysis determined that the bottle contained PCP.
During the altercation between Joseph Davis and the law enforcement officers, Glenda Davis again entered the car, grabbed a box of Sherman cigarettes and fled into a nearby wooded area. She was pursued and apprehended. The officers recovered a box containing several Sherman cigarettes. A laboratory analysis determined that these cigarettes had not been treated with PCP.
Both defendants were placed under arrest. Following this arrest, they made bond and were released. On November 24, 1986, they were charged by bill of information with one count of possession of PCP with intent to distribute and one count of obstruction of justice.
On December 16, 1986, while free on bond, Joseph Davis was arrested and charged with selling a PCP-laced cigarette to an undercover police officer. He again made bond and was released from jail. In May of 1987, Joseph Davis was arrested for the third time and charged with distribution of PCP.
Pursuant to plea agreements, Glenda Davis entered a plea of guilty on June 1, 1987 to one count of attempted obstruction of justice. On June 2, 1987, Joseph Davis entered a plea of guilty to one count of attempted possession of PCP arising from the incident on November 11, 1986. He also pled guilty to one count of distribution of PCP in connection with the December 16, 1986 arrest. In exchange for the pleas, the other charges of distribution of PCP and obstruction of justice were dismissed. The trial court ordered presentence investigations.
Both defendants were sentenced on August 17, 1987. The trial court sentenced Joseph Davis to serve three years at hard labor on the charge of attempted possession of PCP. On the charge of distribution of PCP, Joseph Davis was ordered to serve five years at hard labor and pay a fine of $5,000, or to serve an additional six months imprisonment in lieu of payment of the fine. The sentences were ordered to be served consecutively.
Glenda Davis was ordered to serve two years imprisonment at hard labor for attempted obstruction of justice.
In these appeals, both defendants contend their sentences are unconstitutionally excessive. In addition, Joseph Davis contends the trial court erred by ordering that his sentences be served consecutively rather than concurrently. Glenda Davis contends the trial court erred in considering erroneous information in the presentence investigation report and in not allowing her an opportunity to rebut this information.
We find that the sentences imposed upon Joseph Davis were not unconstitutionally excessive. Further we determine that the trial court did not err in ordering Joseph Davis' sentences to be served consecutively rather than concurrently. However, we do find error in the trial court's consideration of Glenda Davis' sentence, requiring that we vacate her sentence and remand the case for further proceedings and resentencing.

SENTENCING CONSIDERATIONS REGARDING GLENDA DAVIS
Glenda Davis argues that the trial court erred when it denied her an opportunity to rebut information contained in the presentence investigation report. She also objects to the trial court's statements that because she was involved in the drug trade she was not a good mother, that she was not truthful in the statements made to the probation officer who prepared the presentence investigation report, and that she was just as guilty as Joseph Davis of possession of PCP on November 11, 1986. She further attacks as untrue the trial court's statement that while she was free on bond she sold a PCP-laced cigarette to a police informant, and contends that she was not given an opportunity to rebut this erroneous information. Only the defendant's final contention is meritorious.
LSA-C.Cr.P. Art. 875 provides specific instances in which a trial court may order the Department of Public Safety and Corrections to prepare a presentence investigation of a defendant to aid the court in *618 imposing sentence. LSA-C.Cr.P. Art. 876 provides that the presentence investigation report is privileged. However, the article also provides that, before sentencing, the court may advise the defendant or his counsel of the factual contents and conclusions of the presentence report. It is well settled that where a presentence report is shown to be materially and prejudicially false, the trial court errs in failing to allow defense counsel access to the report and an opportunity to rebut any adverse information therein. State v. Underwood, 353 So. 2d 1013 (La.1977); State v. Segers, 357 So.2d 1 (La.1978); State v. Bosworth, 360 So.2d 173 (La.1978); State v. Trahan, 367 So.2d 752 (La.1978); State v. Cox, 369 So. 2d 118 (La.1979); State v. Lockwood, 399 So.2d 190 (La.1981), appeal after remand 439 So.2d 394 (La.1983); State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984); State v. Brown, 440 So.2d 994 (La.App. 3rd Cir. 1983); State v. Simmons, 466 So.2d 777 (La.App. 4th Cir.1985).
The hearing to which a defendant is entitled in order to rebut such information need not be a full scale evidentiary hearing. State v. Bosworth, supra.
However, our jurisprudence also holds that defense counsel must make a timely request for access to the presentence report and must show that the report contained false information prejudicial to the defendant. State v. Boone, 364 So.2d 978 (La.1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Berain, 360 So.2d 822 (La.1978); State v. Helsley, supra; State v. Brown, 440 So.2d 994 (La.App. 3rd Cir.1983), writ denied 444 So.2d 120 (La.1984); State v. Bindom, 410 So.2d 749 (La.1982).
At the time of Glenda Davis' sentencing, the court stated that the defendant had not been truthful with the probation officer who conducted the presentence investigation, that she had not been a good mother due to her involvement with drugs, and that she was in constructive possession of PCP on November 11, 1986. In brief to this court, defense counsel contends that these statements were unproved and were not proper consideration in passing sentence.
These three statements do not constitute erroneous information contained in a presentence investigation report but rather were conclusions reached by the sentencing judge based upon the circumstances before him. These statements were not unfounded. There was circumstantial evidence from which the trial court could draw these inferences which were legitimate considerations in passing sentence. Therefore, the defendant's arguments regarding these statements are without merit.
However, a different factual situation is presented by the court's statement at the sentencing hearing regarding distribution of PCP by Glenda Davis while she was free on bond. Defense counsel objected and asked for an opportunity to rebut this information. At the sentencing hearing the following colloquy took place between the court, defense counsel, and the defendant:
By the Court: Also contained in my report isabout you is a report that one Monique Jones, an undercover informant, in the presence of Officer Ray O'Quinn purchased a PCP laced cigarette from you. Do you go by the nickname of Tiny?
By Mrs. Davis: Yes.
By the Court: And that this was on March 27, 1987, again while you were awaiting dispensation (sic) of these charges.
By Mr. Davenport: Judge, we would object to that, Your Honor, and note objection that there's no proof of that.
By the Court: You can note the objection. It's contained in my report, Mr. Davenport.
By Mr. Davenport: Yes, sir. We would like to confront that evidence because I have never had any information from Mrs. Davis that she had any knowledge of this.
By the Court: How do you want to confront the evidence?
By Mr. Davenport: We'd like to have the witness here and be sworn and accuse us of that in court.
*619 By the Court: I'm sure the witness is not here, Mr. Davenport. That's not the basis for my sentence on this charge anyway butshe indicates she had no knowledge of it. I just wanted to ask her about that....
In the instant case, defense counsel did not make a timely request to review information in the presentence investigation report prior to sentencing. Normally, absent such a request, any objection to erroneous information contained in the report would be deemed waived. However, the presentence investigation report furnished to this court for review does not reveal any information of the kind referred to above by the trial court. The record does not reveal where the trial court obtained this information. Had defense counsel made a request to review the report, the defendant would still have been unaware of this information prior to sentencing.
It is clear that a defendant must be given an opportunity to rebut or explain misinformation upon which the trial court relies or to which it was exposed in its sentencing decision. State v. Bosworth, supra; State v. Trahan, supra; State v. Cox, 369 So.2d 118 (La.1979); State v. Lockwood, supra. This is true even when the court contends that its decision was unaffected by the information. State v. Lockwood, supra; State v. Trahan, supra; State v. Lahrman, 475 So.2d 116 (La.App. 2d Cir.1985).
We find that the trial court erred in failing to grant Glenda Davis an opportunity to rebut the information regarding alleged drug distribution subsequent to her arrest for the present offense and while she was on bond. Therefore, the sentence of the defendant, Glenda Davis, must be vacated and her case remanded to the trial court for further proceedings and resentencing with the defendant being given the opportunity to rebut the allegedly false information referred to by the trial court at sentencing.

EXCESSIVE SENTENCES
Both Joseph Davis and Glenda Davis contend that the trial court erred in imposing upon them unconstitutionally excessive sentences. As to Joseph Davis, we find this assignment of error to be meritless. As to the defendant, Glenda Davis, because we have vacated her sentence and have remanded the case to the trial court for resentencing, consideration of her argument is not necessary.
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion *620 to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So. 2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So. 2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
As to Joseph Davis, the record shows the sentencing court adequately complied with the guidelines contained in LSA-C.Cr.P. Art. 894.1. The court found that Joseph Davis was well educated and well employed. However, the trial court found that there were numerous aggravating circumstances. On November 11, 1986, the defendant was found in possession of approximately one ounce of PCP. Upon his arrest the defendant physically resisted law enforcement officials and attempted to destroy the evidence. While free on bond from this offense, on December 16, 1986, the defendant sold a PCP-laced cigarette to an undercover police officer giving rise to the second count for which the defendant was before the court for sentencing. The court noted the leniency afforded the defendant through his plea agreement with the state whereby a third count of distribution of PCP was dismissed in exchange for his plea to the present offenses.
The defendant had a prior conviction for DWI and had a DWI second offense pending in Monroe City Court. The sentencing court found that the defendant would not respond well to probationary treatment and that his imprisonment would not cause an undue hardship.
The sentencing court tailored the sentence to the offense and the offender and did not impose an excessive sentence. The maximum sentence exposure to imprisonment of Joseph Davis on the charge of attempted possession of PCP with intent to distribute was five years at hard labor. The maximum sentence exposure to imprisonment he faced for distribution of PCP was ten years at hard labor and a fine of $15,000.[1]
On the charge of attempted possession of PCP with intent to distribute, the defendant was actually sentenced to three years at hard labor and on the charge of distribution of PCP, he was sentenced to five years at hard labor and a fine of $5,000 or an additional six months imprisonment in lieu of payment of the fine. Based upon the record, including the leniency afforded by his plea agreement and his continued criminal activity, the sentences imposed by the trial court were not excessive.

CONSECUTIVE SENTENCES
Joseph Davis argues that the trial court erred in ordering his sentences to be served consecutively rather than concurrently. This argument is meritless.
LSA-C.Cr.P. Art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or *621 transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
The two offenses to which the defendant pled guilty were not part of the same act or transaction or part of a common scheme or plan. The two offenses occurred approximately one month apart and were sufficiently separate and distinct to justify consecutive sentences. State v. Means, 486 So.2d 992 (La.App. 2d Cir.1986); State v. Ester, 490 So.2d 579 (La.App. 2d Cir.1986); State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied 496 So.2d 355 (La. 1986); State v. Nelson, 467 So.2d 1159 (La. App. 2d Cir.1985); State v. Pruitt, 474 So.2d 491 (La.App. 4th Cir.1985). In addition, the factors in this record, discussed above, justify the imposition of consecutive sentences. We find that neither the length of the sentences nor the fact that the sentences were ordered to be served consecutively constitute an abuse of discretion by the trial court.

CONCLUSION
For the above stated reasons, we affirm the sentences of the defendant, Joseph Eugene Davis.
We vacate the sentence of the defendant, Glenda Ruth Davis, and remand to the sentencing court for resentencing with the defendant being afforded the opportunity to traverse the information referred to by the trial court at the time of imposition of the original sentence.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] LSA-R.S. 40:966(B)(2) was amended by Louisiana Acts 1987 No. 860 § 1 to increase the penalty for these offenses to not less than five nor more than thirty years at hard labor and a fine of not more than $15,000.