NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**KA 17-1112**


**STATE OF LOUISIANA**

**VERSUS**

**NICHOLAS JAMES FACIANE**

**-AKA- NICHOLAS FACIANE**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 55016-L
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CANDYCE G. PERRET**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
Candyce G. Perret, Judges.

**JUDGMENT AMENDED AND AS AMENDED, AFFIRMED.**
**REMANDED WITH INSTRUCTIONS.**

**Martin Edward Regan, Jr.**
**Graham Da Ponte**
**Regan Law, P.L.C.**
**2125 St. Charles Avenue**
**New Orleans, LA 70130**
**(504) 522-7260**
**COUNSEL FOR DEFENDANT-APPELLANT:**
**Nicholas Faciane**

**Hon. Keith A. Stutes**
**Lafayette Parish District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
**State of Louisiana**

**John V. Ghio**
**Assistant District Attorney, 15th Judicial District Court**
**100 N. State Street, Suite 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
**State of Louisiana**

**PERRET, Judge.**

Defendant, Nicholas James Faciane, entered a plea of no contest to one count of sexual battery, a violation of La.R.S. 14:43.1(A)(1), and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81(A)(1), in lower court docket number 55016, appellate docket number 17-1112. Defendant also pled no contest to separate charges in three additional dockets. Defendant appeals his sentences in all dockets as excessive and argues that the case should be remanded for resentencing due to the trial court's failure to articulate sentencing considerations. For the following reasons, we amend the judgment, affirm as amended, and remand with instructions.

**Factual and Procedural Background:**

On October 25, 2011, Defendant was charged by four separate grand jury indictments with thirty-seven counts of sexual offenses against two different victims—M.L. and T.R.B. The indictments were filed under four separate lower court docket numbers. In lower court docket number 54567 (appellate docket number 17-1109), Defendant was charged with thirteen counts of felony carnal knowledge of a juvenile (M.L.), violations of La.R.S. 14:80(A)(1), and one count of contributing to the delinquency of a juvenile (M.L.), a violation of La.R.S. 14:92(A)(7). By handwritten amendment, "Count 14" was amended to "Count 1-13," effectively charging Defendant with thirteen counts of contributing to the delinquency of a juvenile (M.L.). In lower court docket number 54568 (appellate docket number 17-1110), Defendant was charged with six counts of indecent behavior with a juvenile (M.L.), violations of La.R.S. 14:81. In lower court docket number 54569 (appellate docket number 17-1111), Defendant was charged with one count of aggravated crime against nature (M.L.), in violation of La.R.S.

14:89.1(A)(6),[1] and one count of contributing to the delinquency of a juvenile (M.L.), in violation of La.R.S. 14:92. Lastly, in lower court docket number 55016 (appellate docket number 17-1112), the subject of the instant appeal, Defendant was charged with one count of sexual battery (T.R.B.), in violation of La.R.S. 14:43.1(A)(1); one count of indecent behavior with a juvenile (T.R.B.), in violation of La.R.S. 14:81(A)(1); and one count of contributing to the delinquency of a juvenile (T.R.B.), in violation of La.R.S. 14:92(A)(9).

On January 23, 2017, Defendant entered pleas of no contest to eighteen offenses:

Docket 54567—Felony carnal knowledge of a juvenile, six counts;

Docket 54567—Contributing to the delinquency of a juvenile, six counts;

Docket 54568—Indecent behavior with a juvenile, three counts;

Docket 54569—Aggravated crime against nature, one count;

Docket 55016—Sexual battery, one count; and

Docket 55016—Indecent behavior with a juvenile, one count.

The nineteen remaining counts were dismissed as a result of the no contest plea.

The State submitted the following as a factual basis for Defendant's pleas of no contest:

On the docket 54567, should this matter had gone to trial the State would have shown that the Defendant, Nicholas James Faciane, did between the dates of May 2008 and September 2010 did knowingly, intentionally and willfully commit carnal knowledge of a juvenile, having the initials of M.L. whose date of birth is 9/20/93, by having sexual intercourse with a consent [sic] with a person who is 13 years of age or older, but less than 17 years of age, where the difference between age of the offender and the victim is four years or greater, in violation of Revised Statute 14:80A(1). And that's six counts of felony carnal

---

[1]This provision of La.R.S. 14:89.1 was in effect at the time Defendant committed the offense (August 2010—September 2010). However, the statute was amended in 2014.

2

knowledge. In addition thereto, the State would've shown also that on the same time period, he did intentionally entice, aid, solicit or permit a child, having the initials of M.L., same date of birth 9/20/93, under the age of 17 to perform any sexually immoral acts in violation of Revision 14:92A(7). And again, it's six counts on that. On the docket number 054568, should this matter had gone to trial, the State would've shown that on or about May 2008 to September 2008 the defendant being a person of age over 17 years did willfully, unlawfully and intentionally commit lewd or lascivious acts upon or in the presence of a juvenile having the initials of M.L., whose date of birth is 9/20/93 who had not yet obtained the age of 17 and where there's an age difference of greater than two years between the two persons, with the intention of arousing or gratifying sexual desires of himself in violation of Revision 14:81, and that's three counts of that. On the docket number 054569, should this matter had gone to trial, the State would've shown that between August 2008 and September 2010, that the defendant did commit the crime of unnatural carnal copulation of the offender with another of the opposite sex, being particularly M.L. whose date of birth is 9/20/93, and said victim is under the age of 17 years and the defendant is at least three years older than the victim in violation of 14:89.1. And we dismissed count two under that. Under docket number 055016, should this matter had gone to trial, the State would've shown that between the years of 2005 and 2008, the defendant did intentionally commit the touching of the anus and genitals of the victim, having the initials of T.R.B. date of birth 3/15/94, by the offender using any instrument or any part of the body under 15 years of age and at least three years younger than the offender in violation of 14:43.1, and under count two of said indictment the defendant being a person over the age of 17 did willfully, unlawfully and intentionally commit lewd and lascivious acts upon or in the presence of a juvenile, T.R.B. date of birth again is 3/15/94, who had not yet obtained the age of 17 and where there's an age difference of greater than two years between the two persons with the intention of arousing or gratifying sexual desires of the offender in violation of code 14:81. And the State is dismissing count three under that. And that's the basis of the plea.

The parties also stipulated to a statement of facts set forth in the pre-sentence investigation report (PSI).

On May 2, 2017, the trial court imposed the following sentences:

Docket 54567—Felony carnal knowledge of a juvenile, six counts—a $5,000 fine and ten years at hard labor (for each count); concurrent.

Docket 54567—Contributing to the delinquency of a juvenile, six counts—a $1,000 fine and two years at hard labor (for each count); concurrent.

3

Docket 54568—Indecent behavior with a juvenile, three counts—a $5,000 fine and seven years at hard labor (for each count); concurrent.

Docket 54569—Aggravated crime against nature, one count—fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence.

Docket 55016—Sexual battery, one count—ten years at hard labor, without benefit of probation, parole, or suspension of sentence.[2]

Docket 55016—Indecent behavior with a juvenile, under the age of 13, one count—twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, and personal property used in the commission of the offense to be seized and impounded in accordance with La.R.S. 15:539.1.

The trial court ordered all sentences in the four dockets to run concurrently, with a "maximum sentence of 25 years at hard labor." Defense counsel objected to the sentences as excessive. Subsequently, Defendant filed a pro se Motion to Reconsider Sentence that was later denied on June 12, 2017. On June 1, 2017, Defendant filed a pro se motion for appeal, which was granted.

On January 10, 2018, Defendant's appellate counsel filed a motion in the trial court to disclose the PSI report. The trial court denied the motion on January 23, 2018. On February 5, 2018, appellate counsel filed in this court a motion titled, "Motion to Include Pre-Sentence Investigation Report in Record." In that motion, Defendant requested that the PSI be included in the appellate record and that he be given access to the PSI. On February 23, 2018, this court rendered an Order on Defendant's motion in which we: (1) denied appellate counsel's request to include the PSI in the record; (2) denied appellate counsel's request for access to the PSI;

---

[2] We note that the trial court referred to the wrong statute when sentencing Defendant for sexual battery. Sexual battery is set forth in La.R.S. 14:43.1, but the trial court referred to La.R.S. 14:46.1 (false imprisonment while armed with a dangerous weapon). This error appears to be a misstatement of the statute's number only since the sentence imposed was legal for sexual battery, and the trial court referred to the offense itself as sexual battery.

and (3) ordered that appellate counsel be given until March 5, 2018, to file a writ application with this court seeking review of the trial court's denial of appellate counsel's motion to disclose the PSI, which only challenged appellate counsel's access to the PSI. Appellate counsel did file such a writ application, and it was denied on April 10, 2018. *State v. Faciane*, 18-199 (La.App. 3 Cir. 4/10/18) (unpublished opinion).

This court granted Defendant's Motion to Consolidate for Docketing Purposes. Now before the court is the same brief filed in the separate appeals of all four lower court docket numbers. Defendant appeals his sentences as excessive and argues that the case should be remanded for resentencing due to the trial court's failure to articulate sentencing considerations. As discussed below, we find no merit in Defendant's assignments of error.

**Pre-Sentence Investigation Report:**

In accordance with La.Code Crim.P. art. 877(C), the PSI report "shall" be made a part of the appellate record when a defendant seeks review of an excessive sentence. It is necessary for this court to review the PSI in this case considering the trial court's lack of reasons for sentencing.[3] This court's prior Order denying counsel's request to make the PSI part of the appeal record was inadvertent and is now reversed. Thus, we will consider the PSI on appeal. However, we maintain the portion of the Order denying counsel's access to the PSI, as well as the subsequent writ ruling by this court. Defendant's trial counsel had the opportunity to review the report at sentencing and had no objections.

---

[3] Although the PSI is part of the appellate record and is thus proper for this court to consider and refer to, the details of the PSI will not be set forth in this court's opinion. *See* La.Code Crim.P. art. 877 and *State v. Trahan*, 367 So.2d 752 (La.1978) (in which the supreme court referred to information in the PSI even though the PSI had been furnished under seal).

**Errors Patent:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing this record, we find there is one error patent regarding the sentence imposed for indecent behavior with a juvenile.

As part of the sentence imposed for indecent behavior with a juvenile, the trial court ordered "that any personal property used in the commission of this offense shall be seized and impounded in accordance with Revised Statute 15:539.1." The provision allowing forfeiture as part of the sentence for a violation of La.R.S. 14:81, however, was not enacted until 2010. 2010 La. Acts No. 763, § 1 and § 2. Since the date range of the present offense is 2005 to 2008, the forfeiture provision is not applicable. It is well-settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the trial court may impose. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518. Thus, the sentence imposed for indecent behavior with a juvenile must be amended to delete the order that any property used in the commission of the offense be seized and impounded.

**Assignments of Error:**

In two assignments of error, Defendant contends that the trial court imposed unconstitutionally excessive sentences and failed to comply with La.Code Crim.P. art. 894.1. For the reasons set forth in the companion opinion, *State v. Faciane*, 17-1109 (La.App. 3 Cir. __/__/18), __ So.3d __, we find no merit in Defendant's assignments of error. Defendant's convictions and sentences are affirmed, subject to the amendment to Defendant's sentence in 55016 (17-1112), deleting the requirement that personal property be seized and impounded.

6

**JUDGMENT AMENDED AND AS AMENDED, AFFIRMED. REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.