377 So.2d 316 (1979)
STATE of Louisiana
v.
Debbie Sue OWENS.
No. 64624.
Supreme Court of Louisiana.
November 12, 1979.
*317 John Taylor Bentley, Law Office of Joe Rolfe White, Bastrop, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lee E. Ineichen, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.[*]
In this criminal appeal defendant, Debbie Sue Owens, attacks the imposition of her sentence as having been based on a pre-sentence investigation report containing false and prejudicial information. Finding merit in her contentions, we affirm her conviction, vacate her sentence and remand for resentencing. A showing has been made that the pre-sentence investigation report contains materially and prejudicially false information; the defendant is entitled, therefore, to be resentenced following a contradictory hearing at which she is afforded adequate notice, access to the pre-sentence investigation report, and an opportunity to rebut adverse information in the report.
*318 Debbie Sue Owens pleaded guilty to attempted simple burglary and was sentenced to six years at hard labor, the maximum sentence for that crime. The sentencing judge informed Owens at the sentencing proceeding that he based the sentence on a pre-sentence investigation report which stated that she had been convicted of auto theft and embezzlement in California. Owens' attorney objected immediately and informed the judge that his client had been convicted only of misdemeanor burglary in California. The objection was overruled and the six-year hard labor sentence was imposed. Insofar as the record discloses, the sentencing judge did not grant the defendant access to the pre-sentence report or apprise her of its contents until moments before imposing the sentence. Owens appealed from her conviction and sentence to this Court assigning as error the judge's ruling on defense counsel's objection and the imposition of a sentence based on an erroneous pre-sentence investigation report.
At oral argument the attorney for the defendant contended that the district attorney had received documents from California law enforcement officials which verified that the pre-sentence report contains materially and prejudicially false information. Since no one appeared at oral argument for the state, this Court by telephone requested the district attorney to file copies of any documents he had received from California officials reflecting Owens' record of previous convictions. In response, the district attorney filed documents which indicate that, as her attorney represented, Owens' only conviction in California was for misdemeanor burglary and that she was not convicted of auto theft or embezzlement.
In our opinion, this constitutes a sufficient showing that the sentence imposed was based on materially and prejudicially false information to warrant our vacating the sentence and remanding for resentencing. On remand, the defendant's attorney is entitled, under confidential conditions, to examine the pre-sentence report, subject to exceptions or deletions of the sources of such information as is required to comply with La.R.S. 15:574.12 F. The defendant is entitled also, of course, to rebut any derogatory information in the report. State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La. 1978).
The American Bar Association Project on Minimum Standards for Criminal Justice has formulated standards which provide safeguards against the imposition of sentences based on erroneous information:
"4.4 Presentence report: disclosure; parties.
"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.
"(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.
"(c) The resolution of any controversy as to the accuracy of the presentence report should be governed by the principles stated in sections 4.5(b), 5.3(d), 5.3(f), and 5.4(a).
"4.5 Presentence report: Time of disclosure; presentence conference.

*319 "(a) The information made available to the parties under section 4.4 should be disclosed sufficiently prior to the imposition of sentence as to afford a reasonable opportunity for verification.
"(b) In cases where the presentence report has been open to inspection, each party should be required prior to the sentencing proceeding to notify the opposing party and the court of any part of the report which he intends to controvert by the production of evidence. It may then be advisable for the court and the parties to discuss the possibility of avoiding the reception of evidence by a stipulation as to the disputed part of the report. A record of the resolution of any issue at such a conference should be preserved for inclusion in the record of the sentencing proceeding (section 5.7[a][iii])."
Although this exact procedure is not now required by rule or statute, it is recommended to sentencing judges as one which promotes constitutional due process and fairness.[1] Had such a procedure been followed in the present case, the error found in this review may well have been avoided.

Decree
For the reasons assigned, therefore, we affirm the conviction, but we vacate the sentence and remand for resentencing consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED, AND REMANDED FOR RESENTENCING.
NOTES
[*] Chief Judge Paul B. Landry, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] See, however, La.R.S. 15:574.12 F; State v. Underwood, 353 So.2d 1013, 1017, n. 3 (La. 1978).