440 So.2d 850 (1983)
STATE of Louisiana, Appellee,
v.
Curtis A. WALTON, Appellant.
No. 15557-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
Writ Denied January 6, 1984.
*851 Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Gretna, for appellee.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Defendant, Curtis A. Walton, pled guilty to a charge of simple robbery in violation of La.R.S. 14:65. After a sentencing hearing, he was sentenced to serve seven years at hard labor. He appeals his sentence.
He relies on three assignments of error.
Assignment # 1
The defendant contends he should have received probation rather than a prison sentence. The defendant had several prior felony convictions and he could not have been placed on probation. C.Cr.P. art. 893, State v. Wimberly, 414 So.2d 666 (La. 1982). This assignment of error is without merit.
Assignment # 3.
In Assignment of Error # 3 the defendant contends the trial judge erroneously denied his oral motion for a continuance of the sentencing hearing which he made at the time of the hearing. He sought the continuance in order to secure the presence of Mr. Sweat, the probation officer who had prepared the pre-sentence report. This report showed that the defendant had a prior aggravated battery conviction. Defendant contends that he intended to use the testimony of Mr. Sweat to attempt to show that the defendant had no prior aggravated battery conviction. We note that the defendant does not state that Mr. Sweat would testify that the PSI report was incorrect when it stated that the defendant had a prior conviction for aggravated battery.
The record shows that a copy of the presentence report was mailed to defense counsel on January 12, 1983. The letter of transmittal advised that the defendant would be sentenced on January 31, 1983 and further stated:
"If you and/or the defendant in this case desire either to attempt to traverse any of the information or statements in the *852 enclosed report; or, to present any evidence pertaining to the sentence to be imposed on the defendant in this case, you or the defendant shall have an opportunity to do so, contradictorily, with the District Attorney, on January 31, 1983."
In addition to this letter, the defendant through his attorney was formally served on January 13, 1983 by a deputy sheriff with a notice that a copy of the pre-sentence report had been provided for counsel and that sentence would be imposed on January 31, 1983. This notice further advised the defendant that on this date he would be given an opportunity to traverse the PSI report and to present any other evidence he desired pertaining to his sentence.
Even though these notices were given seventeen days before the sentencing hearing was held the defendant did not subpoena Mr. Sweat to assure his presence at the hearing.
Where there is ample time to locate and subpoena a witness it is not error for the trial court to deny a party's motion for a continuance in order to obtain the witness. State v. Bernard, 358 So.2d 1268 (La.1978). See also C.Cr.P. art. 709. The record reflects that defendant's counsel was in contact with Mr. Sweat and had subpoenaed him for other hearings that were held on January 31, 1983 and that Mr. Sweat was present in court on this day but he wasn't present when defendant's case was reached.
The trial judge did not commit error when he denied defendant's motion for continuance.
Assignment of Error # 2
On the PSI report there was included within the list of prior offenses of which the defendant had been convicted the following:
"1-30-80 Coushatta, La. 6 counts Simple Cr. Dmg to Property6-9-80. 2 yrs LA DOC CC with each & parole violation.
1-30-80 Coushatta, La. Agg. Battery 6-9-80 2 yrs La Doc, CC with each other and parole violation."
The defendant in this assignment complains the sentence was excessive because the trial judge erroneously considered the prior conviction of aggravated battery reflected in the pre-sentence report. He contends he did not have the aggravated battery conviction.
The trial judge may rely upon the report provided the defendant is not denied an opportunity to prove the report erroneous. State v. Hatter, 338 So.2d 100 (La. 1976). Where there is a showing made that the pre-sentence report contains material and prejudicial false information the sentence will be vacated and the case will be remanded for resentencing. State v. Owens, 377 So.2d 316 (La.1979).
As we pointed out in our discussion of Assignment # 3 the defendant was given a copy of the pre-sentence investigation well in advance of the sentencing hearing and had every reasonable opportunity to show that it contained false and prejudicial information.
The defendant testified at the hearing that he did not know the meaning of aggravated battery. He denied he had ever struck anyone but acknowledged that he was charged with aggravated battery. He stated "That's just a charge they put on."
In response to questions by the court he testified:
"The Court: Can you get to the specific facts. Did you take a sledge hammer and destroy approximately $15,000 in equipment at Tom's Timber Company sawmill in Coushatta and throw an object at another person. Were you convicted of that.
The Defendant: I was but some of that I didn't do.
The Court: But you were convicted and sentenced?
The Defendant: Yes sir."
At another point in the defendant's testimony he denied that he pled guilty to aggravated battery and stated he only pled guilty to a charge of simple damage to property.
*853 At the time the defendant was involved in the sawmill incident referred to by the trial judge he was on parole from a prior burglary conviction and was being supervised by Probation Officer Betty Self. This lady testified at the sentencing hearing that she remembered when the sawmill incident occurred. She stated that the defendant was caught destroying sawmill machinery with a hammer. She said he advanced with a hammer upon the man who discovered his criminal act. She stated from her memory of the incident that the defendant was shot before he could hit the man with the hammer.
The trial judge stated that from the testimony he was satisfied that the PSI report on the prior aggravated battery conviction was accurate.
We conclude the trial judge could correctly find from part of defendant's testimony that he admitted that he was charged with aggravated battery and he admitted that he pled guilty to this offense.
We note that the sentence that is shown on the PSI report for the aggravated battery is within the sentence guidelines for this offense and is in excess of a sentence that could have been imposed for aggravated assault which is only a misdemeanor.
The report advised the defendant of the date and place where the conviction occurred and it would have been relatively easy for him to obtain a copy of criminal proceedings that occurred on that date in the adjoining parish with reference to him and the sawmill incident. If there was any merit in his contention that he did not plead guilty to the aggravated battery these records could have established that fact. See State v. Owens, supra.
We conclude that the defendant failed to show that the pre-sentence report contained material and prejudicial false information in order to justify the vacation of his sentence.
The defendant makes the alternative contention that even if the PSI report be accurate the sentence of seven years, which is the maximum imprisonment which can be imposed for simple robbery, is excessive.
A trial judge is given wide discretion in sentencing within the statutory limits and his sentence should not be set aside as excessive in absence of manifest abuse of discretion. State v. Feeback, 414 So.2d 1229 (La.1982).
This 23 year old defendant, who had a juvenile record, was convicted of simple burglary in December, 1977, and sentenced to six years. He was released on parole in June, 1979. In January, 1980, he committed the six felony counts of simple criminal damage to property and the aggravated battery related to the sawmill incident which we earlier discussed. He was returned to prison in June of 1980 and was released in April, 1982. He committed this offense in August, 1982.
It is apparent that short periods of imprisonment have not in the past rehabilitated this defendant. The defendant's extensive past criminal conduct justifies the sentence here imposed. The public is entitled to be protected from this defendant and the lengthy sentence may serve to rehabilitate him.
The trial judge did not abuse his discretion when he imposed this sentence. The alternative contention of excessive sentence is without merit.
AFFIRMED.