440 So.2d 994 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Bobby Ray BROWN, Defendant-Appellant.
No. CR83-121.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1983.
Writ Denied January 16, 1984.
*995 Robert L. Kennedy and Thomas G. Wilson, Colfax, for defendant-appellant.
Joseph P. Beck, II, Dist. Atty., and James M. Buck, Asst. Dist. Atty., Colfax, for plaintiff-appellee.
Before GUIDRY, CUTRER and DOUCET, JJ.
DOUCET, Judge.
The defendant was found guilty of manslaughter and sentenced to 18 years imprisonment. Defendant appeals his sentence as excessive.
The uncontroverted facts are as follows: In the early morning hours of February 28, 1981, the defendant, Bobby Ray Brown, and a friend drove to the Shady Grove Cafe and Lounge in Colfax, Louisiana for the purpose of entertaining themselves at the lounge. Shortly after arriving at the Shady Grove, the pair walked next door to another lounge. After staying at the neighboring lounge approximately one-half hour, the defendant decided to return to the Shady Grove.
As he was walking to the Shady Grove, the defendant came upon three men who were arguing in the parking lot. According to the defendant, in a spirit of trying to keep the peace, he tried in a friendly way to stop the argument between the three people. When the argument broke up one of the participants in the argument, Harold Phillips, went into the Shady Grove and got his brother, Chester Phillips, the decedent. The decedent and Harold Phillips met the defendant at the door of the Shady Grove. Harold Phillips grabbed the defendant from behind and the decedent administered a beating to the defendant by striking the defendant repeatedly in the face with his fist. The Phillips brothers continued to administer a beating to the defendant until the defendant collapsed on the ground. At this time the defendant produced a .25 automatic pistol and, at the sight of the pistol, the Phillips brothers fled. According to the testimony of the defendant, he shot Chester Phillips as Chester was motioning towards his pants which the defendant interpreted as reaching for a weapon. However, the jury did not accept that the defendant was acting in self-defense. After firing one shot at Chester Phillips, the defendant fired again in the air as a warning to the other Phillips brother. Chester Phillips died the following day.
After being found guilty of manslaughter, the trial judge, on December 9, 1982, sentenced the defendant to eighteen (18) years imprisonment or three years less than the statutory maximum. The entire transcript of the sentencing is as follows:
"BY THE STATE: No. 37362, State of Louisiana vs. Bobby Ray Brown.
BY THE COURT: Written reasons will be handed down on this matter here. Mr. Brown, you're up here for sentencing at this time. And the sentence of the Court is that you be imprisoned with the Department of *996 Corrections at hard labor at any institution that they see fit for a period of 18 years. And written reasons will be handed down. He's with you, Mr. Sheriff. And your motion for bail bond is denied. That's all. Next matter."
Subsequently the same day the trial judge assigned extensive written reasons for the sentence ordered. Thereafter, the pre-sentence investigation report was filed into the record on December 16, 1982. The following day, December 17, 1982, defendant's motion and order for appeal was filed.
Under Article 894.1[1] of the Louisiana Code of Criminal Procedure, a trial judge must state the considerations taken into account and the factual basis therefore in imposing sentence. While the judge need not articulate every aggravating and mitigating circumstance, the record must adequately reflect that he considered these guide lines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116, 1120 (La.1982). The judge is required to indicate that he has considered not only the factors supporting incarceration but also any factors mitigating against it. State v. Ray, 423 So.2d 1116, 1120 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979).
In his written Reasons for Sentence, handed down after the defendant's sentencing, the trial judge noted, inter alia, the seriousness of the crime, the defendant's tendency toward trouble with the law, the inability of the defendant to compensate for the loss of life and the risk to society if he were released.
Appellant submits that this appraisal by the trial judge is erroneous. The pre-sentence investigation which was ordered by the judge contains a statement by Earl Congre, Chief of Police of the town of Montgomery, (the residence of the defendant) who advised "the subject has caused him no problems and has always been a hard worker." Additionally, appellant contends the evidence adduced at trial showed that the defendant acted under strong provocation (see La.C.Cr.P. Art. 894.1 B(3)), there were substantial grounds tending to excuse or justify defendant's crime although failing to establish a defense, (La.C. Cr.P. Art. 894.1 B(4)), the victim of the defendant's criminal conduct induced or facilitated its commission (Article 894.1 B(5)) and the defendant's criminal conduct was *997 the result of circumstances unlikely to recur (894.1 B(8)). At the defendant's post-conviction bond hearing, the defendant's employer, Leon Henson, testified concerning the defendant's value to him as an employee, and the defendant himself testified as to the hardship his unemployment was working upon his family and dependents (La.C. Cr.P. Art. 894.1 B(11)).
In 1963, the defendant was arrested in Texas on charges of "threatening life traffic" and "threat to life". It is not clear exactly what these charges are and there seems to be some indication that this is a traffic offense. These charges were "not verified". In June of 1977, the defendant was arrested in Colfax, La. for Disturbing the Peace, Unauthorized Use of a Movable, and Resisting an Officer and was subsequently placed on probation for one year. Several months later, in November of 1977 the defendant was arrested on a murder charge which was never prosecuted by the District Attorney's Office of Grant Parish, Louisiana. Additionally, the defendant was arrested for aggravated assault and possession of marijuana on November 13, 1979, however, the charges were subsequently dismissed. The trial judge stated "Since Bobby Ray Brown's criminal conduct was not the result of circumstances unlikely to recur and because Bobby Ray Brown seems to have a propensity to retaliate violently whenever confronted, it does not appear unlikely that Bobby Ray Brown would commit another similar crime."
Both the Louisiana and United States Constitutions protect individuals against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979); U.S. Const. Eighth Amendment; Solem v. Helm, ___U.S.___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See also, Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L. Rev. 1, 63 (1974); and Jenkins, The Declaration of Rights, 21 Loy.L.Rev. 9, 39 (1975). A criminal sentence must be proportionate to the crime for which the defendant has been convicted. Solem v. Helm, supra. The imposition of a sentence which is within statutory limits may nonetheless violate a defendant's constitutional right against excessive punishment and is therefore subject to appellate review. State v. Sepulvado, supra; Solem v. Helm, supra. A sentence is excessive if it is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980). In Bonanno, it was stated that in determining whether the penalty is grossly disproportionate, the court must consider "the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." Id. at 358. In Solem, the criteria to be employed was set forth as follows:
"In sum, a court's proportionality analysis under the Eighth amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."
In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits. State v. Abercrumbia, 412 So.2d 1027 (La.1982). Compliance with La.C.Cr.P. Art. 894.1 is an essential aid to appellate review of excessiveness claims. State v. Knox, 425 So.2d 707 (La.1982).
A defendant has the right to present circumstances which mitigate against imposition of a severe sentence and rebut misinformation which the trial court may rely upon in its sentencing decision. State v. Ray, 423 So.2d 1116 (La.1982); State v. Cox, 369 So.2d 118 (La.1979); State v. Trahan, 367 So.2d 752 (La.1978); State v. Ford, 422 So.2d 416 (La.1982); State v. Lockwood, 399 So.2d 190 (La.1981).
A sentence imposed on the basis of assumption concerning the defendant's criminal record is inconsistent with due process of law. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); State v. Trahan, supra. To avoid a remand *998 to determine the basis for sentence, the trial judge should inform a defendant of the considerations taken into account and the factual basis therefor in imposing sentence and also allow the defendant an opportunity to rebut or explain unfavorable facts. State v. Sepulvado, supra. In this regard, the Supreme Court has recommended that sentencing judges follow the procedure formulated by the American Bar Association Project on Minimum Standards for Criminal Justice inasmuch as it promotes constitutional due process and fairness.[2]State v. Owens, 377 So.2d 316 (La. 1979).
However, to guarantee the aforementioned rights to contest allegations in a pre-sentence investigation, defense counsel must request review of the report and, in the event of denial, one must show the report relied upon by the trial judge contained false information prejudicial to the defendant. State v. Boone, 364 So.2d 978 (La.1978); State v. Berain, 360 So.2d 822 (La.1978). A review of the record before us reveals that none of the aforementioned steps were taken to contest the pre-sentence investigation report itself and the trial judge did not abuse his discretion in not disclosing the considerations documented prior to imposition of sentence. Furthermore, prior criminal activity which a trial court may consider in imposing sentence is not limited to prior convictions. State v. Washington, 414 So.2d 313 (La. 1982). Thus, no reversible error results from the sentencing procedure.
It should be noted that the common-law right of allocutus (the traditional inquiry by the judge as to whether the defendant has anything to say why sentence should not be pronounced against him) is no longer required in Louisiana, although the procedure appears to be preferred *999 per Sepulvado and progeny. Compare: Comment (c) to La.C.Cr.Pro. Art. 871 with Sepulvado, supra.
The maximum penalty for manslaughter, as provided in La.R.S. 14:31, is 21 years. The record clearly shows an adequate factual basis for the sentence imposed. We cannot conclude the trial judge manifestly abused his discretion in imposing a sentence of 18 years. State v. Douglas, 389 So.2d 1263 (La.1980).
For the reasons assigned hereinabove, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Art. 894.1. Sentence guidelines; generally

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[2] "The American Bar Association Project on Minimum Standards for Criminal Justice has formulated standards which provide safeguards against the imposition of sentences based on erroneous information:

"4.4 Presentence report: disclosure; parties.
"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.
"(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.
"(c) The resolution of any controversy as to the accuracy of the presentence report should be governed by the principles stated in sections 4.5(b), 5.3(d), 5.3(f), and 5.4(a).
"4.5 Presentence report: Time of disclosure; presentence conference.
"(a) The information made available to the parties under section 4.4 should be disclosed sufficiently prior to the imposition of sentence as to afford a reasonable opportunity for verification.
"(b) In cases where the presentence report has been open to inspection, each party should be required prior to the sentencing proceeding to notify the opposing party and the court of any part of the report which he intends to controvert by the production of evidence. It may then be advisable for the court and the parties to discuss the possibility of avoiding the reception of evidence by a stipulation as to the disputed part of the report. A record of the resolution of any issue at such a conference should be preserved for inclusion in the record of the sentencing proceeding (section 5.7[a][iii])."
Although this exact procedure is not now required by rule or statute, it is recommended to sentencing judges as one which promotes constitutional due process and fairness.1 Had such a procedure been followed in the present case, the error found in this review may well have been avoided."
State v. Owens, supra.