ALFORD, Judge.
Defendant, Kenneth G. Wisham, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64, in connection with an incident that occurred in November of 1983 in the parking lot of the Wagon Wheel Lounge in Baton Rouge, Louisiana. A jury convicted him of the responsive verdict of simple robbery (LSA-R.S. 14:65). Defendant was subsequently sentenced to seven years with the Department of Corrections.
In this appeal, defendant alleges two assignments of error:
1. The trial court imposed an excessive sentence and failed to comply with La.C. Cr.P. art. 894.1.
2. The prosecution failed to prove every element of the crime beyond a reasonable doubt.
At approximately 5:30 p.m. on November 29,1983, the victim, Mr. Claude Boudreaux, exited the Wagon Wheel Lounge and walked to his pickup truck in the lounge parking lot. There he was approached by defendant and another subject. They asked if he would be interested in purchasing some stereo equipment. After he told them he had no use for it, they asked him for two dollars to buy wine. The victim gave them the money; and, at that point, defendant sprayed the victim in the face with some unknown chemical. This substance caused a burning sensation and blurred Boudreaux’s vision. Defendant then immediately reached into the victim’s back pocket and jerked out his wallet. Boudreaux grabbed the wallet, and a struggle ensued. He was able to fight off defendant and his accomplice and regain control of his wallet. Some of Boudreaux’s friends chased the subjects away.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, defendant argues that the trial judge imposed an excessive sentence and failed to follow the guidelines of La.C.Cr.P. art. 894.1. The portion of this assignment dealing with article 894.1 was not briefed and is therefore considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
The Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant’s *536 constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979).
An individual convicted of simple robbery can be sentenced to seven years with or without hard labor and fined $3,000.00. LSA-R.S. 14:65. Although defendant was sentenced to the maximum of seven years at hard labor, no fine was imposed.
In setting the sentence, the trial judge noted that the thirty year old defendant had a substantial arrest record extending over the preceding thirteen years. He had numerous convictions for simple battery and had been convicted of aggravated assault and possession with intent to distribute marijuana. Furthermore, during sentencing, defendant admitted that he had been involved in illegal drugs. The trial judge stated that a lesser sentence would deprecate the seriousness of the crime.
In consideration of the above, we find no abuse of the great discretion afforded the trial judge in the imposition of sentence. See State v. Walton, 440 So.2d 850 (La.App. 2d Cir.1983), writ denied, 443 So.2d 1121 (La.1984). This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant argues that the evidence presented by the state was insufficient to prove beyond a reasonable doubt all of the elements of the crime of simple robbery. The simple robbery statute (La.R.S. 14:65) provides in pertinent part:
A. Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
Defendant contends the state failed to prove the “taking” element because, he argues, “the wallet never left [the victim’s] control.” The state argues that sufficient evidence was presented. Defendant and the state rely upon different segments of the transcript to support their opposing arguments. The evidence must be viewed as a whole. The pertinent testimony was as follows:
[Between defense counsel and Claude Bou-dreaux]:
Q Now, when you went to your pocket and you felt your wallet coming out of your pocket, did the wallet get out of your pocket before you grabbed it?
A [My hands were] in my front pocket. He had asked me for Two Dollars for some wine,—
Q Un-huh.
A —and [my hands were] in my front pocket. He wretched it out of my back pocket and I grabbed it at the same time.
Q Okay. So all the while you all tousled over your wallet and it never left your control?
A No
[Between the prosecutor and Claude Bou-dreaux]:
Q What pocket do you normally keep your wallet in?
A Well, like I usually keep it in this pocket.
Q In your right side?
A Yes, sir. I had Khakis on and I usually keep it in this pocket because when I’m working I have my rule and pencil in my lefthand pocket.
Q So there was a period of time that your wallet was not on your person and you did not have control of it, is that correct?
A I can’t say that. It happened so quick.
Q Did you take your wallet out and give it to this person?
A No, I didn’t.
Q How did your wallet get out?
*537 A He took it out.
Furthermore, the record also reveals that the victim indicated that his wallet had been removed from his pocket by defendant and was approximately eight inches from his body before he was able to grab it.
The Louisiana Supreme Court stated in State v. Victor, 368 So.2d 711 (La.1979), that a taking occurs when the thief acquires control of the property. One of the elements of theft is a “taking”; the official reporter’s comment to the theft statute (LSA-R.S. 14:67) indicates that “it [is] a question for the court to decide whether the offender’s activity was sufficient to amount to a ‘taking’.” [1] The applicable standard for reviewing sufficiency is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The jury’s verdict indicates that, after considering the evidence, it determined that a “taking” had occurred and that all the elements of a simple robbery had been proven by the state. Our review of the evidence presented at trial convinces us that it is sufficient to uphold the determination of the jury. Accordingly, this assignment of error lacks merit.
The verdict and the sentence of the trial court are affirmed.
AFFIRMED.

. See Smith v. United States, 291 F.2d 220 (9th Cir.), cert denied, 368 U.S. 834, 82 S.Ct. 58, 7 L.Ed.2d 36 (1961) (defendant put hands on bag containing money and started to pull it toward him, moving it several inches; conviction of larceny affirmed).