DOMENGEAUX, Chief Judge.
Defendant, Roy Chester Willis, was convicted by a six member jury of unauthorized use of a movable valued over $1,000.00, a violation of La.R.S. 14:68. Subsequently, the defendant was sentenced as a second grade habitual offender to serve twenty-four months in the custody of the Department of Corrections. He appeals this conviction based upon one assignment of error.
FACTS
At approximately 4:15 a.m. on March 24, 1989, Deputy Terry Myers observed two black males standing outside a parked car in the lot of Louisiana Radio Communications, a Lake Charles business. He observed another male sitting in the back seat of the vehicle. After calling for backup, Deputy Myers pulled into the parking lot to investigate the situation. At this time, he noticed two rolls of coaxial cable lying on the ground next to the car. When questioned as to his presence at the scene, the defendant stated he was picking up what he thought was trash and that he did not have permission to be on the property.
At trial,.Perry Vincent, manager and vice president of Louisiana Radio Communications, testified that the cable in question was worth about $2,600.00. Vincent also testified he observed the cable next to the door of the building at the close of business the previous day. Deputy Myers testified that when he drove into the parking lot, the two rolls of cable were next to the defendant’s car, some twenty feet from the door of the business.
The defendant testified the rolls of cable were located on top of a pile of what he assumed was trash. He maintained he did not move or touch the cable prior to Deputy Myers' arrival.
ASSIGNMENT OF ERROR
Willis contends the State failed to prove his guilt beyond a reasonable doubt. Specifically, he argues the State did not prove a “taking” as required by La.R.S. 14:6s.[1]
The standard of appellate review in cases involving challenges to the sufficiency of evidence is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
La.R.S. 14:68 provides in pertinent part: Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.
Unauthorized use of a movable is a lesser and included offense of theft. The distinguishing factor is that theft requires the intent to deprive the owner permanently of the movable, rather than only temporarily. State v. Reeves, 342 So.2d 605 (La. 1977). Hence, the jurisprudence interpreting the requirement of a taking for theft is *1031 relevant in determining whether there has been a taking under La.R.S. 14:68.
A taking occurs when the thief acquires control of the property. State v. Victor, 368 So.2d 711 (La.1979). The slightest segregation of the property moved the slightest distance is sufficient, even though the property may remain in the possession of the thief for only seconds. State v. Neal, 275 So.2d 765 (La. 1973). Whether the defendant’s activity amounts to a taking is a question for the court to decide. State v. Wisham, 476 So.2d 534 (La.App. 1st Cir.1985), writ denied, 481 So.2d 627, 628 (La.1986).
After reviewing the record, we find the evidence sufficient to prove a taking. Vincent testified the cable was located next to the door of the building. However, the cable was found by Deputy Myers some twenty feet from that location next to the defendant’s automobile. The defendant adamantly denied having actually touched the cable; however, he failed to explain how the cable was found next to his car, when he earlier stated it was located atop a pile of trash.
Apparently, the jury believed Vincent as to the location of the wire and believed the defendant was not truthful in his claim that he did not touch the cable. The defendant’s credibility at trial was impeached with evidence of several prior theft convictions.
The respective credibilities of the witnesses are to be weighed by the fact-finder, and this court will not second guess the fact-finder’s credibility determinations under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
For the above and foregoing reasons, the defendant’s conviction is affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).