h COOKS, J.,
dissents in part.
The majority’s position that defendant does not have the absolute right to review the presentence investigation report except under certain limited circumstances and only to a limited extent is too restrictive to protect defendant’s constitutional right to due process and fairness at every stage of the criminal proceeding. .There is no rational basis for the State to grant the prosecutor the right to review the presen-tence report at any stage of the proceedings without any restrictions and to deny the same access to the defendant. Any interest the State may have in protecting the sources of confidential information contained in the reports have been addressed in Louisiana Code of Criminal Procedure Article 877. See State v. Simmons, 466 So.2d 777 (La.App. 4 Cir.1985); State v. Owens, 377 So.2d 316 (La.1979). Why the majority has elected today to turn the criminal justice clock back in time is baffling to me, particularly considering that the Louisiana Supreme Court nearly twenty-four (24) years ago recommended that the trial judges follow the procedure suggested by the American Bar Association. The Association has long recognized that fundamental fairness requires inspection of presentence reports by | ^defendants, except under certain limited circumstances *406 and even then the court should state for the record the reasons for its action which should be subject to appellate review.